# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:  ROBERT B MASKO
        ERIN R MASKO

Case No.:
Chapter 13
Hon.
Filed:

_____ Debtor(s)

## CHAPTER 13 PLAN

(X) Original or ( ) Amendment No.: _____ ( ) Pre-Confirmation ( ) Post-Confirmation

I. **GENERAL PROVISIONS**
   This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in the case. Terms listed after a "( )" are applicable only if the box is checked.
   **KEY TO PLAN:** The following legal terms may be referred to as abbreviations throughout the Plan: Interest = Int; Adequate Protection = A/P; Principal = Pr; Taxes = Tx, Insurance = Ins; Within = W/I; Inside Plan = I/S; Outside Plan = O/S; Monthly = Mo.ly; Prepetition = Pre-Pet; Post-Petition = Post-Pet; Payment = Pymt; Domestic Support Obligation = DSO; Confirmation = Conf; Fair Market Value = FMV; Secured = Sec; Unsecured = Uns; Claim = Clm; Amount = Amt; Per Month = Mo; Bi-weekly = B/W; Semi-Monthly = SM

   A. **APPLICABLE COMMITMENT PERIOD AS DETERMINED UNDER 11 U.S.C. § 1325(b)(4)**
      ( ) The applicable commitment period of disposable income under this Plan is 60 months.
      ( ) The applicable commitment period of disposable income under this Plan is 36 months.

   B. **PLAN PAYMENT** The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as in, or may be necessary for the execution of the Plan. The Debtor, or the Debtor's employer, shall pay to the Trustee pursuant to 11 U.S.C. § 1326 the sum of **$250.00/monthly** paid in increments according to debtor(s) pay periods by wage order or directly if unemployed; or ( ) other _____ (If step or liquidating Plan, mark Other and provide terms in Section VI — Other Plan Provisions). The Debtor shall submit all disposable income directly to the control and supervision of the Trustee. If the Debtor becomes 30 days delinquent in making payments under the plan, the Trustee may submit a Payroll Order to the Court with an appropriate affidavit (copied to the Debtor and the Debtor's Counsel) and the Court may enter the Payroll Order to the Court without further hearing. All Plan payments shall be made by Payroll Order unless this requirement is specifically waived in writing by the Trustee or by Court Order. <u>The Debtor shall notify the Trustee and their attorney immediately of any change of employment until the Plan is completed</u>.

   C. **LIQUIDATION TEST** The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

   D. **DISPOSABLE INCOME & TAX REFUNDS** If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. § 1325(b)(2) for the applicable commitment

1

period from the date the first Plan payment was due, including but not limited to income tax refunds, property tax credits, gambling winnings, inheritances, etc. received during that period. The Debtor shall pay into the Plan all Federal, State and Local tax refunds for the following years: **2011, 2012, 2013, 2014, 2015,**; Other provisions: _____.
The Debtor agrees to maintain a level of exemptions as when the case was filed except as dictated by a change in the dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage. to the unsecured creditors as a result of additional payments made under this provision.

E. **BALLOON PAYMENT** The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

F. **VESTING OF ESTATE PROPERTY** Upon confirmation of the Plan, all property of the estate shall ( ) vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan; (**X**) or remain property of the estate. In any event all property to which the Debtor retains possession or control of shall be insured by the Debtor. The Chapter 13 Trustee will have no responsibility, to insure and will have no liability for damage or loss to any property which is in the possession and control of the Debtor.

G. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY** During the term of the Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any non-exempt real or personal property of a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. § 364.

H. **UNSCHEDULED CREDITORS FILING CLAIMS** If a creditor's claim is not listed in the schedules, but the creditors nevertheless, files a timely proof of claim, the Trustee is authorized to classify the claim into one Of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

I. **ALLOWANCE OF LATE-FILED CLAIMS** Any claim that is late-filed by unscheduled or omitted pre-petition creditors due to failure to receive notice of the Bankruptcy Petition filing shall be allowed as timely filed. If a late filed claim is allowed or any late filed claim is allowed that may not be subject to .a Claims Bar Date (i.e. deficiency claim), the Chapter 13 Trustee shall not be required to seek return of prior disbursements to Creditors in order to comply with the equal distribution provision of the Plan.

J. **PLAN REFUNDS** The Trustee may in the exercise of his duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted or repayment of said refunds may be required by the Trustee. The Trustee has the authority to determine if tax refunds are or are not disposable income based upon changes in income and expenses, actual expenses and family size.

K. **CONTENTS OF THE PLAN AND CONFIRMATION** The Debtor(s) shall comply with all requirements under 11 U.S.C. § 1322 and 11 U.S.C. § 1325.

L. **TRICKETT NOTICE**  ( ) Applicable if Debtor is taking State entireties exemptions and joint claims must be paid in full.

The debtor has claimed the "State Exemptions" pursuant to 11 USC 522(b)(2) and MCLA 600.5451(l)(o) and MCLA 600.6023(a) in regard to certain real property owned by the Debtor and his spouse as tenants by the entireties. Under Michigan law, however, such property may not be exempt as to creditors who hold a joint claim against the Debtor and his spouse. As a result, allowed Joint Creditors shall be paid the full amount of their claim as opposed to creditors who have only an individual claim against the Debtor who may only be paid a dividend of their claim.

Creditors are advised that they have until the bar date set forth in the "Notice of Chapter 13 Bankruptcy Case, Meeting of the Creditors and Deadlines" (deadline to file Proof of Claim) to file a Proof of Claim in this Bankruptcy proceeding which must be clearly marked as a "JOINT CLAIM" if you hold a joint claim against the Debtor and his spouse or are otherwise entitled to a joint judgment against them. Such claims must attach any supporting documentation to support the joint claim and should be filed according to the instructions on the Proof of Claim form you receive from the court. Failure to file a joint claim or individual claim by the aforementioned deadline will result in no dividend being paid to you. If you have any questions regarding the above, you should contact your attorney.

## II. PRIORITY OF PAYMENT OF CLAIMS:

A. Unless otherwise specifically stated in the Plan in Provisions III - VII, the Chapter 13 Trustee shall disburse the funds received in the following priority:

1. Unpaid court filing fees;
2. Chapter 13 Trustee's Administrative Expenses;
3. Monthly payments on any domestic support obligation entitled to priority under 11 U.S.C. § 507(a)(1);
4. Pre-confirmation adequate protection payments made pursuant to 11 U.S.C. § 1326(a)(1) provided they are to be made through the Trustee and there is an order authorizing such pre-confirmation adequate protection payments. Such pre-confirmation payments are to be disbursed prior to other monthly payments designated for other secured creditors pursuant to this plan;
5. Attorney fees and expenses unless there are secured claims for which monthly payments are provided for in this plan including, but not limited to, monthly mortgage payments, vehicle lease payments, and adequate protection payments. In such event, the attorney fees will be paid after such equal monthly payments until the attorney fee and expenses are paid in full;
6. Other administrative claims authorized by court order;
7. Any funds remaining after payments described above shall he paid monthly to secured creditors for which no monthly payment is designated pro-rata with other such secured creditors;
8. Any funds remaining after payments described above shall be paid monthly to other priority claims pro-rata;
9. Any funds remaining after payments described above shall be paid to allowed unsecured claims pro-rata.

3

## III. TREATMENT OF CLAIMS

A. **ADMINISTRATIVE PRIORITY CLAIMS** The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. § 507.

  1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time the funds are distributed by the Trustee to any party other than the Debtor.

  2. The Counsel for the Debtor has received a retainer of **$1,673.00** prior to the filing of the case. The balance of attorney fees in the amount of **$1,327.00** plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan as follows:

      a. ( ) After payment of filing fees, Trustee's fees and any noticing expenses, the minimum of $_____ shall be paid toward the Debtor(s) minimum attorney fee plus ___% or more of the specified monthly payment received by the Trustee until paid in full prior to all non-administrative claims OR

      b. ( X ) After payment of filing fees and notice expenses, all remaining available funds not specifically designated for monthly payments on DSO obligations, monthly mortgage payments, vehicle lease payments, adequate protection payments or any designated monthly payments to secured creditors shall be paid to the attorney fee claim.

  3. **Affect of Additional Attorney Fees Beyond the "No Look Fee."** If disbursements to general unsecured creditors have been made and a Counsel for the Debtor files a subsequent fee application in an amount that would cause the amount already paid to general unsecured creditors to result in an over payment, the additional attorneys fees as awarded pursuant to an Order of the Court shall be paid as administrative claim and shall not be paid out of the base already disbursed to general unsecured creditors. In addition, the Chapter 13 Trustee shall not have to recover monies disbursed to general unsecured creditors prior to the issuance of an Order for additional attorney fees.

B. **OTHER PRIORITY CLAIMS**

  1. **Domestic Support Obligations (DSO):** Domestic Support Obligations shall be paid as follows before all other priority creditors:

      **ON-GOING PAYMENTS:**

      | DSO Payee and Address | Amt/Frequency | Nature of Debt | Age of Children | Paid I/S Plan | Paid O/S Plan |
      |---|---|---|---|---|---|
      | | | | | | |
      | | | | | | |

      **PRE-PETITION ARREARAGE:**

      | DSO Payee | Amount Owed | Monthly Payment Amount | Payment Start Date | Paid I/S Plan | Paid O/S Plan | Mo.ly Pmt |
      |---|---|---|---|---|---|---|
      | | | | | | | |

4

**Post-petition arrearages:** If applicable, Debtor will comply with 11 U.S.C. §1325(a)(8) and supply the Trustee with an affidavit just prior to confirmation stating that all post-filing, pre-confirmation Domestic Support Obligation payments required by any judicial or administrative order or statute have been made.

( ) Any arrears are paid as an additional deduction or are included in the regular deduction from debtor(s) wages.

2. **Other Priority Claims** within this class that are allowed and entitled to priority under §507 shall be paid in full, in deferred cash payments subsequent to the payment of all secured claims unless the box is checked to pay the priority creditor pro rata with secured or prior to secured. These claims consist of the following known creditors:

| | #1 | #2 | #3 |
|---|---|---|---|
| Creditor | | | |
| Amount | | | |
| Nature of Debt | | | |
| Unsecured Priority paid after secured | | | |
| Priority paid pro rata with secured | | | |
| Secured paid at 4% interest | | | |

Unscheduled pre or post filing priority claims shall also be paid in full unless the Debtor successfully objects to the claim.

3. **Other Priority Payment Provisions:** *  ( ) The student loans payable to _____ and any other student loan claims properly filed will be pro-rata with the other general unsecured creditors or as follows: _____.

4. **Marital Debt Paid Under 523(a)15** The following debts are accorded priority status under 523(a)15 and shall be paid through plan as part of the base:

| Creditor Name | Amount in JOD | Account No. |
|---|---|---|
| | | |

( ) If the Applicable Commitment Period is 36 months, then claims of the above creditor will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.
( ) If the Applicable Commitment Period is 60 months, the special unsecured creditor listed above shall be paid pro rata with general unsecured creditors.
( ) The special unsecured claim of _____ shall be paid as follows:

C. **SECURED CREDITORS:** Pursuant to 11 U.S.C. § 1325(a)(5)(B), holders of allowed secured claims provided for by the plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law; **or** (ii) discharge under section 1328, and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

5

1. **Debtor's Principal Residence- Mortgage/Land Contract and Other Secured Mortgages or Land Contracts on Real Property:** The creditors listed below shall retain the lien, if a mortgagee; or if a land contract vendor, the Debtor assumes the contract and acknowledges that the Land Contract is subject to 11 U.S.C. §365. Debtor also acknowledges that a claim marked as O/S is current. In the event debtor later defaults on the mortgages or land contract any deficiency shall be paid pro-rata with any other unsecured debt if such claims are properly filed.

   **POST-PETITION MORTGAGE OR LAND CONTRACT PAYMENTS:**

   | Creditor Name, Address, & Account No. | Mark One* RM, RLC, CM, CLC | Paid I/S or O/S Plan | Post-Pet Mo.ly Pymt | Pymt Start Date | PERIOD DEBT PAID | | Check if INCLUDED in monthly payment | | |
   |---|---|---|---|---|---|---|---|---|---|
   | | | | | | Beyond Life of Plan | If Within Life of Plan Must Enter Int Rate Here | PR | Tx | Inx |
   | Chase<br>10790 Rancho Bernardo Rd<br>San Diego, CA 92127<br>Acct: 8345 | RM | O/S | 1288 | current | X | | X | X | X |

   * Mark **RM** if property is Debtor's residence secured by a mortgage; mark **RLC** if the property is the Debtor's residence and is subject to a Land Contract; mark **CM** if the property is a rental, commercial, cottage or investment property secured by a mortgage; or **CLC** if the property is subject to a Land Contract.

   **PRE-PETITION MORTGAGE OR LAND CONTRACT ARREARAGES:**

   | Creditor Name, Address, & Account No. | Estimated Arrears Amount | Paymt Start Date | Arrearage Payment | |
   |---|---|---|---|---|
   | | | | Mo.ly Pymt | Pro rata |
   | | | | | |
   | | | | | |

   a. **Post-Petition arrearages:** Current case law will apply.

   b. **Variable Rates and Escrow Modification:** If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or the land contract holder of any payment increase caused by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the land contract or mortgage payment and the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. If this is a Base Plan as set forth in Section V. Letter A. Paragraph 2, then the Trustee may extend the Plan payment time period in order to pay the required amounts to unsecured creditors. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor, and counsel for the Debtor.

   c. **Non-Residential Real Property: Post Petition Mortgage Payments & Pre Petition Arrears.**

   | Creditor Name | Pd I/S or O/S | Ongoing Payment | Est. Arrear |
   |---|---|---|---|
   | | | | |

6

The following is the common address and the tax id parcel # for the Debtor's non-residential real property:

**d. Other Provisions:**
  i. Unless otherwise stated, the post petition mortgage payment(s) shall commence on the first day of the month following the Petition Date.

  ii. The pre petition arrearage is an estimate and the Trustee shall pay the pre petition arrears based on the claim as filed by the Creditor. Any claim filed for pre petition arrears shall be paid through the Plan over a reasonable period of time and pro rata with other secured creditors.

2. **(Optional) Property Tax Escrow**: The Trustee will escrow from Plan payments for the future property taxes on the following properties as set forth below:

| Creditor Name | Property | Monthly Escrow Amount | Escrow Start Date |
|---|---|---|---|
|  |  |  |  |

*It is the Debtor(s) responsibility to forward the tax bill each year to the Trustee so the Trustee can pay the real estate taxes. It is the Debtor's responsibility to verify that their real property taxes are properly paid each year of the Plan.

3. **Real Estate Tax Claims** shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. This creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

4. **Creditors Whose Mortgage is Wholly Unsecured**. This Class consists of those creditors having a debt secured by a mortgage on the Debtor's residential real property for which there is no equity to secure its claim. This claim(s) is subject ot being stripped and its claim reduced to a general unsecured claim. Upon the entry of a discharge by the Court the Debtor may record, with the appropriate County Register of Deeds, this Plan and Order Confirming as evidence that the lien is discharged. Those creditors are as follows:

| Creditor Name | Est. Claim | FMV of Real Property | Aggregate Amount of Senior Liens |
|---|---|---|---|
|  |  |  |  |

This is the Debtor's estimate as to the amount owing to the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

The §1325(a)(5)(B) lien retention language in Paragraph III.C.1 above applies to this section so the secured creditor subject to the lien stripping shall retain their lien until this case is discharged under §1328 and if this case is dismissed or converted without completion of the plan such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

5. **Personal Property**: Pursuant to 11 U.S.C. 1326(a)(1)(C), the debtor shall commence making pre-confirmation adequate protection payments within 30 days of the date of the filing of the plan or the order for relief, which is earlier, to the Creditor holding a lien against personal property through the Trustee in equal monthly amounts as indicated below, unless the Debtor proposes to surrender the collateral that is the subject of such claim. The term

"adequate protection" as used in this Plan indicates the equal monthly adequate protection payments made pre and post confirmation to the respective creditor.

a. **Collateral To Be Retained:** If the collateral for which the Debtor proposes to retain through this Plan is subsequently destroyed by virtue of an accident and such collateral is subject to a secured lien, Debtor may use the insurance proceeds for such collateral to purchase substitute collateral of equal or greater value which will then serve as collateral for the same secured lien that encumbered the previous collateral.

1. **Secured Claims Subject to 11 U.S.C. § 1325(a)(9):** The following claims are claims are not subject to Section *506* because the Creditors have a (1) purchase money security interest securing a debt that is the subject of the claim **and** (2) the collateral for that debt consists of a motor vehicle that was acquired for the debtor's personal use and the debt was incurred within 910 days preceding the date of the filing of the petition; **or** the collateral for that debt consists of any other thing of value if the debt was incurred during the 1-year period preceding the date of filing. Thus, the following allowed secured claims shall be paid in full and shall be paid through adequate protection equal monthly payments as specified below*:

| Creditor Name, Address, & Account No. | Collateral | Total Amount of Claim | Int Rate | Adequate Protection Payments | |
|---|---|---|---|---|---|
| | | | | Pre-Conf A/P Mo.ly Pymt | Post-Conf A/P Mo.ly Pymt |
| | | | | | |

*If the secured creditor files a claim in. an amount which is different than the amount scheduled herein then the secured creditors claimed amount shall control unless the Debtor files an objection to the claim. If the claimed amount is higher and causes the payout of said claim to exceed the Applicable Commitment Period or the projected plan length as specified in Section I Paragraph B, then the Trustee shall have the discretion to change the monthly payment on. the claim to assure the claim will be paid within 60 months the Applicable Commitment Period or projected plan length. If any discretionary change by the Trustee cannot make the payment of the claim or Plan to be paid within 60 months, then the Debtor must amend the Plan pre or post confirmation to bring the plan length within 60 months from the time the first Plan payment was due.

2. **Secured Claims Subject to 11 U.S.C. § 506:** Each secured creditor shall be paid the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid in adequate. protection equal monthly payments as specified below. The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be in the amount designated below or the contract rate, whichever is lower. If the secured creditor disagrees with the Fair Market Value stated herein, they must object to confirmation of the Plan. Failure by the creditor to object to the Plan's Fair Market Value binds the secured creditor to the Plan amount.

| Creditor Name, Address, & Account No. | Collateral | Fair Market Value | Int Rate | Adequate Protection Payments |
|---|---|---|---|---|

8

|  |  |  |  | Pre-Conf A/P Mo.ly Pymt | Post-Conf A/P Mo.ly Pymt |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

3. **Pre and Post Confirmation Secured Payments.** All creditors listed above are to receive the equal monthly payments as listed per the month, during the life of the Plan plus an additional pro rata amount that may be available from funds on hand. If the creditor files a claim with a "balance owing" which is different than the amount listed above, the claim shall control as to the amount of the debt, unless a party in interest objects to the claim. If the Trustee is to make pre-confirmation adequate protection payments to a secured creditor the name, address, account number and payment amount has been provided above as required by Local Bankruptcy Rule 3016. However, the Trustee will not disburse an adequate protection payment until a proof of claim has been filed. Payments to secured creditors shall commence within 30 days from the Petition Date, unless otherwise provided for by the Plan. Such payments shall be made on the first day of the month following the Petition Date.

4. **Default in payment of Secured Debts (Paid Outside Plan):**
In the event debtor's default in the payment of any secured claim to be paid outside of this plan and creditor files a deficiency claim then such claim shall be treated as an unsecured claim.

6. **Collateral To Be Surrendered:** The following collateral will be surrendered to the creditor and any deficiency shall be treated as a general unsecured claim if the claim is marked below as subject to §506; if the claim is marked subject to §1325(a)(9), surrender of the collateral shall be in full satisfaction of the claim and no deficiency claim will be allowed.

| Creditor Name, Address & Account No. | Collateral | Purchase Date | Claim Subject to §1325(a)(9) | Claim Subject to §506 |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

A secured creditor whose collateral is surrendered as indicated above and is subject to 11 U.S.C. § 506 must file an unsecured deficiency within the claims bar date in order to have an unsecured claim allowed even if the secured creditor filed a secured and partially unsecured claim prior or subsequent to the surrender of the collateral. The deficiency claim must identify the collateral, any previously filed claim, and be conspicuously identified as a **"deficiency claim"**. Failure to comply with the above requirements will cause any late filed deficiency claim and any prior secured and partially unsecured timely filed claim to be disallowed.

7. **Real Estate To Be Surrendered:** The following real estate will be surrendered:

| Creditor Name, Address & Account No. | Collateral | Estimated Debt |
|---|---|---|
|  |  |  |
|  |  |  |

A secured creditor whose real estate collateral is surrendered as indicated above must file and unsecured deficiency, if any, within 120-days of the foreclosure sale. The deficiency

claim must identify the collateral, any previously filed claim, and be conspicuously identified as a **"deficiency claim"**. Debtor further stipulates that relief from stay be provided to creditor and subject property.

8. **Affect of Allowed Late Filed Claims and Amended Claims:** If disbursements to general unsecured creditors have been made and subsequently a late filed claim is allowed or a secured creditor amends a previously filed claim to a general unsecured deficiency claim in an amount that would cause the amount already paid to general unsecured creditors to result in an over payment, such claim shall be paid the same dividend and previously paid general unsecured claims even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan. In addition, the Chapter 13 Trustee shall not have to recover monies disbursed to general unsecured creditors as a result of such additional claims filed or amended.

9. **Secured Status of IRS** The ( ) IRS claims secured status under 26 U.S.C.§6321.

| Amount | Interest Rate | Estimated Amort/Mo |
|--------|---------------|---------------------|
|        |               |                     |

The trustee shall pay pursuant to any proofs of claim filed by the IRS or if none timely filed then pursuant the amount scheduled above together with the interest rate allowed above from the date of filing.

( ) Paid outside plan.

D. **EXECUTORY CONTRACTS** ( X ) None; If none, delete text on executory contracts.

E. **UNSECURED CREDITORS**

1. **General Unsecured Creditors:** Claims in this class are to be paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in the classes above. The payment allowed to the general unsecured claimants will be satisfied by:
   a. ( ) <u>Base Plan with no required amount</u> to be paid to unsecured creditors pursuant to the Means Test or Best Interest of the Creditors Test. Debtor will make his/her Plan payment or amended Plan payment for a period of at least _____ months or the Applicable Commitment Period which ever is longer, from the date the first Plan payment is due plus all other disposable income, including but not limited to tax refunds. The Plan proceeds as hereinafter described shall be first used to pay all Administrative, Priority and Secured claims according to the Plan and any balance shall be paid to the general unsecured creditors.
   b. ( ) <u>Base Plan with required amount</u> due to the unsecured creditors shall be:
      1. ( ) Amount due to priority and general unsecured creditors pursuant to the liquidation test under 11 U.S.C. § *1325(a)* (4) shall be at least the amount of_____. Plan payments shall be made until base is met or for 36 months, whichever provides the greater dividend to unsecured creditors.
   c. ( ) <u>Base Amount Plan(POT)</u> – Payment of that amount remaining after payment of superior classes as set forth above. Payment to this class shall be on a pro rata basis. The term of the Plan shall be _____ months. The estimated base is $_____. Claims in this class shall receive a dividend, without interest, on account of their allowed

10

claims equal to their pro rata share of whatever remains of the plan payments after all other creditors, including unsecured claimants with priority, have been paid in full. The unsecured base/dividend amount is to be reduced by allowed administrative claims such as attorney fees awarded at confirmation and unpaid filing fees estimated to reduce the dividend. However the amount may be less if additional administrative or other priority claims, including additional attorney fees incurred by debtor, are allowed, or may be more if the debtor's disposable income payments result in a higher dividend. The base amount will be increased by tax refunds required in the plan and to the extent of any trustee's overpayment to general unsecured claims resulting from such additional administrative expenses and to satisfy the liquidation analysis provision in paragraph I.C. of this plan.

    d. ( ) <u>Payment of a 100%</u> dividend to general unsecured creditors; ( ) with interest at _____% ( ) without interest.

    e. If due to changes in circumstances, income or unexpected expenses the debtor is unable to pay the required unsecured dividend set forth in paragraph 2b above, then the Trustee is authorized to extend the plan payments to a time period which will pay the required amount to unsecured creditors. If the extended time period is unreasonably excessive in the Trustee's view, the plan may be subject to dismissal under 11 U.S.C. § 1307.

    f. ( X ) Payment of a <u>10</u>% dividend to unsecured or payments for the applicable ACP, whichever is greater.

2. **Special Unsecured Creditors**: Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines.

| Creditor to be Paid | Reason for Special Treatment | Interest Rate |
|---|---|---|
|  |  |  |
|  |  |  |

( ) If the Applicable Commitment Period is 36 months, then claims of the above creditors will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.

( ) If the Applicable Commitment Period is 60 months, the special unsecured creditors listed above shall be paid pro rata with general unsecured creditors.

( ) The special unsecured claim of_____ shall be paid as follows:

## F. Special Provisions

    A. <u>Tax Returns</u>: All tax returns which have become due prior to the filing of this case have been filed, except as follows: <u>Debtors will use $6,500 from tax refund (2010) to purchase 2 vehicles</u>.

    B. <u>Debtor Engaged in Business</u>: If the Debtor is self-employed and incurs some trade, credit in the production of income or has employees; thus, the Debtor will comply with:

        1. 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties

11

imposed on the Debtor which are incorporated herein by reference

2. the provisions of the Definitive Order entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

C. **Effect of Additional Attorney Fees Beyond the "No Look Fee".** If disbursements to general unsecured creditors have been made and a Counsel for the Debtor files a subsequent fee application in an amount that would cause the amount already paid to general unsecured creditors to result in an over payment, the additional attorneys fees as awarded pursuant to an Order of the Court shall be paid as administrative claim and shall not be paid out of the base already disbursed to general unsecured creditors. In addition, the Chapter 13 Trustee shall not have to recover monies disbursed to general unsecured creditors prior to the issuance of an Order for additional attorney fees.

D. **Trustee's Avoidance Powers** Not withstanding any treatment provided to a creditor pursuant to this Plan, the creditors and Debtor(s) acknowledge that both pre and post confirmation the Trustee has certain avoidance powers pursuant to §544, §545, §547, §548, §549, and §550. The Debtor(s) and creditors acknowledge that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is' preserved for the benefit of the Estate pursuant to §551. The Trustee may bring' avoidance action within the period of time set forth in §546.

G. **OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:**

1. **Preferential Transfers:** ( )   Debtor(s) extend their plan for a period necessary to pay off any preferential transfers determined and timely disclosed by the Trustee without written objection by the Debtor(s). Trustee may request the transferee(s) to provide a written waiver of any applicable statute of limitations without objection by Debtor.

   ( )   Debtor(s) will pay a dividend of 100% to adjust for any preferential transfers determined and timely disclosed by Trustee without objection by Debtor(s).

2. **401K Plan Loan:** ( X )   Debtor(s) have one or more 401k Plan loans. Upon payoff of any 401k loan during the life of the plan debtor(s) will step up their payment to the trustee by an amount equal to such payment or payment sending same directly to the Trustee with proof of payoff of any such loans. The 401k loan should be paid off 6/2013. Plan payments will increase by $377.00/month.

3. **Child Support Termination Step:** ( )   Debtor(s) have one or more obligations to pay child support. Upon payoff of any obligations during the life of the plan debtor(s) will step up their payment to the trustee by an amount equal to such payment or payment sending same directly to the Trustee with proof of payoff of any such obligations. The obligations should be paid off with _____ months. Plan payments will increase by $_____/month.

4. **Judgment Liens:** ( )   Upon completion of the plan any "judicial liens" indicated below

12

shall be stripped and avoided pursuant to Section 522(f) and also released pursuant to MCLA 600.2809(6)(d) by filing a discharge of the bankruptcy and copy of schedule listing the debt at the appropriate Register of Deeds. The post-discharge filing shall be debtor's responsibility which debtor so acknowledges.

| Lien Creditor & Address | Collateral | Estimated Amount |
|---|---|---|
| | | |
| | | |

5. **Name on Third Party Property**: ( )   Debtor(s)' name is shown on property in which debtor(s) do not assert a current ownership interest. In the event debtor(s) later assert or are deemed an owner(s) (such as an inheritance) the debtor(s) will so advise the trustee within 30 days and such property may become property of the estate. Such property is exempted under 522(d)5 to the extent possible. Debtor(s) resume the right to further amend their exemptions. Property: _____.

Dated: __1-11-11__        Signed: _____
                          Debtor – ROBERT B MASKO

Dated: __1-11-11__        Signed: __Erin R. Masko__
                          Co-Debtor – ERIN R MASKO

13